WO

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Biltmore Pointe Owner LLC, | No. CV-18-01592-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Olubunmi Onadeko, et al., | |
| Defendants. | |

On May 25, 2018, Defendants Olubunmi Onadeko ("Onadeko") and John and Jane Does I-X (collectively, "Defendants") removed an eviction action initiated by Plaintiff Biltmore Point Owner LLC ("Plaintiff") in the Arcadia Biltmore Justice Court ("Case No. CC-2018-102697-EA" or "Justice Court Action") to this Court. (Docs. 1 & 2). In the notice of removal, Defendants also request that Case No. CC-2018-102697EA be "merged" with Case No. CC-2018-049108, another case between the parties that is currently pending in the Arcadia Biltmore Justice Court. (Doc. 2 at ¶ 2). Defendants seek to remove this case on the basis of this Court's federal question jurisdiction. (*See* Doc. 2 at 1). Onadeko has also filed an Application for Leave to Proceed in Forma Pauperis. (Doc. 3).

Federal courts are obligated to examine complaints for subject-matter jurisdiction on their own initiative. *See e.g., Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) (noting "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press"). Onadeko has failed to establish that this Court has subject matter jurisdiction over Case No. CC 2018-102697-EA.

The face of the justice court complaint establishes no federal question jurisdiction. In the notice of removal, Defendants contest the details of Onadeko's rental lease contract with Plaintiff, and contends that "Plaintiff has violated Defendant's human rights, constitutional rights, civil rights, and the Federal Fair Housing Act against retaliatory tactics…" (Doc. 2 at 3). But "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 (2009). Instead, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). *ARCO Envtl. Remediation, L.L.C. v. Dep't of Healthy & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("As a general rule, 'the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint'"). Nothing in the Justice Court complaint states a cause of action that is within the original jurisdiction of this Court. Because Defendants have not met their burden to show that removal was proper, the Court will remand this case back to the Justice Court. *Hunter*, 582 F.3d at 1042 ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.") (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992) (per curiam).

Accordingly,

**IT IS ORDERED** that the Clerk of Court shall kindly **REMAND** this action to the Arcadia Biltmore Justice Court. All other pending requests and motions in this action (Docs. 2 & 3) shall accordingly be terminated as moot for lack of subject matter jurisdiction.

**Dated** this 30th day of May, 2018.

Honorable Diane J. Humetewa
United States District Judge